13-1967-pr
Headley v. Fisher et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT:  CHESTER J. STRAUB,
          ROBERT D. SACK,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

-------------------------------------------------------------------

ROGELIO HEADLEY,

                    *Plaintiff-Appellant,*

          v.                                              No. 13-1967-pr

SUPERINTENDENT BRIAN FISHER, Sing Sing Correctional Facility, CORRECTIONAL OFFICER SIMPSON, CORRECTIONAL OFFICER B. ELLIS, CORRECTIONAL OFFICER T. RIZZUTO,

                    *Defendants-Appellees.*[*]

-------------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

1

FOR APPELLANT:                    Rogelio Headley, *pro se*, Panama City, Panama.

FOR APPELLEES:                 Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Claude S. Platton, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Rogelio Headley, proceeding pro se, appeals from the District Court's dismissal of his action for failure to prosecute and the District Court's partial grants of defendants' motions to dismiss and for summary judgment. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

We review for abuse of discretion a district court's decision to dismiss an action for failure to prosecute, Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009), and in doing so we consider five factors:

> whether[] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

2

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). A district court is not required to discuss each factor on the record. *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999).

With these factors in mind, we conclude that the District Court did not abuse its discretion when it dismissed Headley's action for failure to prosecute, and we accordingly affirm its order. The record demonstrates that (1) Headley's failure to prosecute resulted in a nearly year-and-a-half delay from the originally scheduled trial date, (2) Headley received notice that further delay could result in dismissal, and (3) the District Court considered, but rejected, the alternative of permitting Headley to appear by teleconference.

Headley also challenges the partial grants of defendants' motions to dismiss and for summary judgment. However, with exceptions not relevant here, "interlocutory orders do not properly merge with a final judgment dismissing an action for failure to prosecute." *Id.* at 192. Therefore, we lack jurisdiction to consider Headley's arguments with respect to the District Court's interlocutory rulings.

We have considered Headley's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court